**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOSHUA LERNER, | Case No. 2:20-cv-02304-APG-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| ADESA NEVADA, LLC, a Nevada limited liability corporation dba ADESA LAS VEGAS, *et al*., | SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 6); AMENDED COMPLAINT (ECF NO. 4); SUPPLEMENT TO AMENDED COMPLAINT (ECF NO. 7) |
| Defendants. | |

Before the Court are pro se plaintiff Joshua Lerner's second application to proceed in forma pauperis (ECF No. 6), amended complaint (ECF No. 4), and supplement to the amended complaint (ECF No. 7).  Lerner's (1) second in forma pauperis application is granted; (2) his amended complaint and his supplement is dismissed without prejudice with leave to amend.

**DISCUSSION**

Lerner's filings present two questions: (1) whether Lerner may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Lerner's complaint states a plausible claim for relief.

**I.    Whether Lerner May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Court previously denied plaintiff's in forma pauperis

application as incomplete. (ECF No. 5).

Plaintiff's second application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 6). Plaintiff's affidavit is now complete, and he states that he has no wages, that he receives $769 per week in unemployment benefits, and that he has about $150 in savings. (*Id*.) Plaintiff's application to proceed in forma pauperis is granted.

**II.    Whether Lerner's Complaint States a Plausible Claim**

      **a.  Legal Standard**

Because the Court grants Lerner's application to proceed *in forma pauperis*, it must review Lerner's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is

2

clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b.   Plaintiff's Complaint, Amended Complaint, and Supplement

Lerner filed his original complaint with his first in forma pauperis application. (ECF Nos. 1 and 1-1). The original complaint brings claims against multiple defendants for (1) religious discrimination (hostile work environment) in violation of Title VII 42- U.S.C. Section 2000e-2; (2) retaliation in violation of Title VII 42- U.S.C. Section 2000e-2; and (3) retaliation per Nevada Revised Statute Section 613.340. (ECF No. 1-1). The amended complaint brings the same claims against the same defendants. (ECF No. 4). Plaintiff also filed a "supplement" to his amended complaint to show that the U.S. Equal Employment Opportunity Commission issued what appears to be an "undated" right to sue letter. (ECF No. 7).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). The Court can only evaluate the amended complaint because it has replaced the original complaint in this case. Since the plaintiff filed a separate supplement to his amended complaint which appears to be important to the allegations in his amended complaint, plaintiff's amended complaint is not complete in itself. The Court dismisses plaintiff's amended complaint without prejudice. This will give plaintiff an opportunity to file a second amended complaint that is complete.

### c.   Plaintiff's Claims in the Amended Complaint

Although the Court dismisses his amended complaint because it is not complete in itself, the Court reviews plaintiff's claims for the plaintiff's benefit regarding the screening process should

1  plaintiff file a second amended complaint. Plaintiff alleges in his amended complaint that his previous

2  employer Adesa Corporation LLC[1] discriminated against him based on his religion after he requested

3  time for Jewish holidays. (ECF No. 4 at 5). Plaintiff alleges that his supervisors and co-workers

4  made discriminatory comments about the Jewish religion. (*Id.*) Plaintiff further alleges that his

5  supervisor Maniscalco bought him a bible, and after he told his supervisor he did not feel comfortable

6  talking about Jesus with her, that she and other managers created a hostile work environment and began

7  to assign him an increasing workload outside of his responsibilities. (*Id.*) Plaintiff alleges that Adesa

8  terminated his employment after he complained about Maniscalco's retaliatory and discriminatory

9  actions. (*Id.* at 4). Plaintiff also alleges that Adesa terminated him after he made both formal and

10  informal complaints about his manager's actions in violation of state law. (*Id.* at 15). Plaintiff alleges his

11  claims are timely, that he exhausted his federal administrative remedies when he filed a charge with the

12  Equal Employment Opportunity Commission, and the EEOC issued a right a sue letter. (*Id.*).

13       The Court has jurisdiction over plaintiff's Title VII claims because they arise under federal law.

14  28 U.S.C. § 1331.  Title VII states it is unlawful for employers to discriminate based on religion.  42

15  U.S.C. § 2000e-2(a).  "To establish a prima facie case under Title VII, a plaintiff must offer proof: (1)

16  that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his

17  or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the

18  plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not

19  belong to the same protected class as the plaintiff."  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d

20  1018, 1028 (9th Cir. 2006).

21       "To establish a prima facie case of retaliation, a plaintiff "must establish that (1) he undertook a

---

[1] Plaintiff alleges that the Adesa Corporation LLC is owned by defendant Kar Auction Services Inc. and that he worked for the "Adeaa Las Vegas" location. (ECF No. 4 at 3-4).

protected activity under Title VII, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between those two events." *McGill v. McDonald*, 237 F. Supp. 3d 1049, 1056 (D. Nev. 2017) (quoting *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003), as amended (Jan. 2, 2004)).  The Court has supplemental jurisdiction over plaintiff's state law discrimination claim (NRS 613) because he has demonstrated that the Court has jurisdiction over his Title VII claims. 28 U.S.C. § 1367(a). "In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies…by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002), citing 42 U.S.C. § 2000e–5(b).

Plaintiff alleges that he was discriminated against because of his religion pursuant to Title VII. He also alleges that he performed his job satisfactorily, even after his managers gave him a greater workload in alleged retaliation. Plaintiff alleges that defendants did not terminate other people with similar job titles, but it is unclear whether he alleges that the defendants treated non-Jewish employees differently than him (though he does allege that his supervisor pushed her own Christian religion on him). Read liberally, plaintiff probably states colorable claims for discrimination under Title VII, 29 USC Sections 621 to 634, and NRS 613. Plaintiff also alleges he timely filed suit within 90 days of receiving his right to sue letter.[2] Plaintiff also alleges he was terminated after reporting his supervisor's actions, which fulfills the emblements of a retaliation claim. The Court will give the plaintiff one opportunity to amend his complaint. In his second amended complaint, he must make only one complete filing and attach any exhibits to his second amended complaint. Since the plaintiff's amended complaint

---

[2] Plaintiff's supplement appears to show that the letter is undated, however, the Court looks to the plaintiff's allegation of timeliness in the complaint for the purposes of screening.

is already on the docket, the Clerk need not re-file the complaint.

ACCORDINGLY,

IT IS ORDERED that Lerner's second application to proceed in forma pauperis (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that Lerner's amended complaint (ECF No. 4), including the supplement to the second amended complaint (ECF No. 7), is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Lerner has until Thursday, February 25, 2021 to file a second amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

6

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 26th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE