# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JOSHUA LERNER,<br><br>    Plaintiff,<br><br>vs.<br><br>ADESA NEVADA, LLC, a Nevada limited liability corporation dba ADESA LAS VEGAS, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-02304-APG-VCF<br><br>**Order**<br><br>SECOND AMENDED COMPLAINT (ECF NO. 7) |

Before the Court is pro se plaintiff Joshua Lerner's second amended complaint (ECF No. 9). The Court orders that plaintiff may proceed with his claims.

## DISCUSSION

The Court previously denied Lerner's informa pauperis application because it was incomplete. (ECF No. 5) The Court later granted Lerner's updated informa pauperis application (ECF No. 6) and dismissed (1) plaintiff's amended complaint (ECF No. 4) and (2) plaintiff's supplement to the amended complaint (ECF No. 7) without prejudice. When Lerner filed the supplement (which the Court found, "appear[ed] to be important to the allegations in his amended complaint") the Court found that "plaintiff's amended complaint [was] not complete in itself." (ECF No. 8). The Court now screens Lerner's second amended complaint.

//

**I.  Whether Lerner's Second Amended Complaint States a Plausible Claim**

   **a.  Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

   **b.  Plaintiff's Second Amended Complaint**

Lerner brings claims against multiple defendants for (1) religious discrimination (hostile work environment) in violation of Title VII 42- U.S.C. Section 2000e-2; (2) retaliation in violation of Title VII 42- U.S.C. Section 2000e-2; and (3) retaliation per Nevada Revised Statute Section 613.340. (ECF No. 9). Plaintiff also attached an exhibit: a right to sue letter from the U.S. Equal Employment

2

Opportunity Commission. (*Id*.)

Plaintiff alleges in his second amended complaint that his previous employer Adesa Corporation LLC[1] discriminated against him based on his religion after he requested time off for Jewish holidays. (*Id.* at 5). Plaintiff alleges that his supervisors and co-workers made discriminatory comments about the Jewish religion. (*Id*.) For example, plaintiff alleges that his supervisor Berger stated, "You shouldn't be hot in the office as the Jews built the pyramids in Egypt" after plaintiff complained about his air conditioner not working in the middle of the summer.

Plaintiff further alleges that another supervisor Maniscalco bought him a bible, and after he told his supervisor he did not feel comfortable talking about Jesus with her, that she and other managers created a hostile work environment and began to assign him an increasing workload outside of his responsibilities. (*Id*.) Plaintiff alleges that Adesa terminated his employment after he complained about Maniscalco's retaliatory and discriminatory actions. (*Id.* at 4). Plaintiff also alleges that Adesa terminated him after he made both formal and informal complaints about his manager's actions in violation of state law. (*Id.* at 15). Plaintiff alleges his claims are timely, that he exhausted his federal administrative remedies when he filed a charge with the Equal Employment Opportunity Commission, that the EEOC issued a right a sue letter, and that he filed this lawsuit within 90 days of receiving this letter. (*Id*.).

The Court has jurisdiction over plaintiff's Title VII claims because they arise under federal law. 28 U.S.C. § 1331. Title VII states it is unlawful for employers to discriminate based on religion. 42 U.S.C. § 2000e-2(a). "To establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his

---

[1] Plaintiff alleges that the Adesa Corporation LLC is owned by defendant Kar Auction Services Inc. and that he worked for the "Adeaa Las Vegas" location. (*Id*. at 3-4).

3

or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

"To establish a prima facie case of retaliation, a plaintiff "must establish that (1) he undertook a protected activity under Title VII, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between those two events." *McGill v. McDonald*, 237 F. Supp. 3d 1049, 1056 (D. Nev. 2017) (quoting *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003), as amended (Jan. 2, 2004)). The Court has supplemental jurisdiction over plaintiff's state law discrimination claim (NRS 613) because he has demonstrated that the Court has jurisdiction over his Title VII claims. 28 U.S.C. § 1367(a). "In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies…by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002), citing 42 U.S.C. § 2000e–5(b).

Plaintiff alleges that he was discriminated against because of his religion pursuant to Title VII. He also alleges that he performed his job satisfactorily, even after his managers gave him a greater workload in alleged retaliation. Plaintiff alleges that defendants did not terminate other people with similar job titles and read liberally he alleges that the defendants treated non-Jewish employees differently than him because he alleges that when everyone went back to work in the middle of the pandemic, his supervisors terminated him without explanation. Plaintiff states colorable claims for discrimination under Title VII, 29 USC Sections 621 to 634, and NRS 613. Plaintiff also alleges he timely filed suit within 90 days of receiving his right to sue letter. Plaintiff also alleges he was

4

terminated after reporting his supervisor's actions, which fulfills the requirements of a retaliation claim. Since the plaintiff's second amended complaint is already on the docket, the Clerk need not re-file the second amended complaint.

ACCORDINGLY,

IT IS ORDERED that plaintiff Lerner may now proceed with his claims against the defendants in his second amended complaint. (ECF No. 9).

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue the summons.

IT IS FURTHER ORDERED that plaintiff must file a notice with the Court stating that he has served the defendants within 20 days of service. Plaintiff must serve the defendants or file a motion for an extension of time to serve the defendants by Thursday, August 26, 2021. Failure to do so could result in dismissal.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's

attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 28th day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE